UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN DEMANUELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| Serve: Honorable Tishaura Jones | ) | |
| Mayor of the City of St. Louis City | ) | |
| Hall 1200 Market Street | ) | |
| Room 200 | ) | |
| St. Louis, MO 63103 | ) | |
| and | ) | |
| | ) | |
| JOSEPH SCHMITT, | ) | |
| Serve: Police Liaison ` | ) | |
| St. Louis Police Department | ) | |
| 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | No. |
| and | ) | |
| | ) | |
| WILLIAM OLSTEN, | ) | |
| Serve: Police Liaison | ) | |
| St. Louis Police Department | ) | |
| 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANDY KELLY, | ) | |
| Serve: Police Liaison | ) | |
| St. Louis Police Department | ) | |
| 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TONY COLE, | ) | |
| Serve: Police Liaison | ) | |
| St. Louis Police Department | ) | |
| 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorneys, and for his Complaint against Defendants, states as follows:

1. Plaintiff (hereinafter "Plaintiff") was a resident of the State of Missouri.

2. Defendant the City of St. Louis (hereinafter "City"), is a municipal corporation organized and existing under the laws of the State of Missouri. The City of St. Louis operates the St. Louis Police Department (hereinafter "Department").

3. Defendant Joseph Schmitt (hereinafter "Schmitt") was at all times relevant a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities.

4. Defendant William Olsten (hereinafter "Olsten") was at all times relevant a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities.

5. Defendant Andy Kelly (hereinafter "Kelly") was at all times relevant a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities.

6. Defendant Tony Cole (hereinafter "Cole") was at all times relevant a City police officer. Upon information and belief, he is a resident of the State of Missouri. He is sued in both his individual and official capacities.

7. This action is brought pursuant to state law and 42 U.S.C. Sections 1983 and 1988.

## GENERAL ALLEGATIONS

8. On or around 1:15 a.m., on April 27, 2018, Plaintiff was in his vehicle in the parking lot outside of Bomber O'Brien's Sports Bar & Grill, where his girlfriend worked.

9. Defendants Schmitt, Olsten, Kelly and Cole were off duty, not in uniform, and had just walked out of Bomber O'Brien's Sports Bar & Grill, when they decided to check out Plaintiff's vehicle.

10. Defendants Schmitt, Olsten, Kelly and Cole approached Plaintiff's car and opened his door without identifying who they were or the purpose of doing so.

11. Plaintiff, in fear for his safety, exited his vehicle, with his firearm in his hand.

12. After Defendants Schmitt, Kelly and Cole saw the firearm, they walked away from Plaintiff, but Defendant Olsten grabbed Plaintiff and forced him to the ground, and during the struggle, Plaintiff's gun discharged two bullets into Defendant Olsten, wounding him.

13. Plaintiff then ran from the scene, with his gun in his hand.

14. Defendant Schmitt then shot Plaintiff multiple times as he ran away, causing serious injuries.

**COUNT I – ILLEGAL SEARCH AND SEIZURE CLAIM AGAINST DEFENDANTS**

15. Plaintiff incorporates the preceding paragraphs 1–14 of this Complaint as if set forth fully herein.

16. On or about April 27, 2018, Defendants in plain clothes, while holding guns, without showing their badges and without announcing why they opened his door, opened up the door to Plaintiff's vehicle that was parked in parking lot, without his permission, and without probably cause, to search his vehicle and/or to remove him from the vehicle.

17. This action was illegal as Defendants had no probable cause to believe Plaintiff was committing or intending to commit any illegal activity, and had not properly identified themselves as St. Louis City Police Officers with use of their badges or the reason why they had opened his door.

18.     Furthermore, after Plaintiff exited the car with his firearm visible, Defendants Schmitt, Kelly and Cole, walked away, further demonstrating the purpose of approaching Plaintiff's vehicle was illegal, as they had no probable cause to believe such a search or seizure of Plaintiff or his vehicle was proper, as police do not walk away from a proper search, seizure, investigation or arrest due to seeing a gun; to the contrary, if the purpose of the search or seizure were legal, they would confront the alleged unknown assailant to determine if he legally could carry a firearm and what was his purpose for being on the property.

19.     The actions taken by Defendants towards Plaintiff were not reasonable in light of the facts and/or circumstances confronting them at the time.

20.     A reasonable officer on the scene would not have approached Plaintiff's vehicle, opened the door, and acted as Defendants had towards Plaintiff under the same or similar circumstances.

21.     Defendants were acting on color of state law at all times relevant.

22.     As a direct and proximate result of the excessive use of force by Defendants against Plaintiff, he suffered and will continue to suffer physical and emotional injuries and has suffered and will continue to suffer pain of the body and mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for judgment against Defendants, in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs herein expended and for such further relief this Court deems just and proper.

**COUNT II - EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS  OLSTEN AND SCHMITT**

23. Plaintiff incorporates the preceding paragraphs 1–14 of this Complaint as if set forth fully herein.

24. On or about April 27, 2018, Defendants Olsten and Schmitt grabbed, hit, struck, beat, kicked, stomped, and shot Plaintiff.

25. The use of force by Defendants was excessive because it was unreasonable in light of the circumstance and clearly in excess of any force required to be used against Plaintiff.

26. The forced used by Defendants was not reasonable in light of the facts and/or circumstances confronting them at the time they used such force against Plaintiff in that the application of such force was not needed under the circumstances then confronting the officers, the amount of force was excessive in light of the need for the use of force, and/or the injury inflicted was extensive.

27. A reasonable officer on the scene would not have used such force against Plaintiff under the same or similar circumstances.

28. Defendants were acting on color of state law at all times relevant.

29. As a direct and proximate result of the excessive use of force by Defendants against Plaintiff, he suffered and will continue to suffer physical and emotional injuries and has suffered and will continue to suffer pain of the body and mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for judgment against Defendants, in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs herein expended and for such further relief this Court deems just and proper.

## COUNT III

**42 U.S.C. § 1983 – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANT CITY OF ST. LOUIS**

30. Plaintiff incorporates the preceding paragraphs 1-14 of this Complaint as if set forth fully herein and pleads the following count in the alternative.

31. 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

32. Plaintiff is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

33. The City of St. Louis is a person under 42 U.S.C. § 1983.

34. The City of St. Louis, its officials, employees, agents, and representatives were, at all times relevant, acting under the color of ordinances regulations, customs, and law of the State of Missouri.

35. At the time of the occurrences that are subject of Plaintiff's Complaint, Plaintiff had clearly established constitutional rights, including the right under the Fourth, Eighth and Fourteenth Amendments to be secure in his person from illegal searches and seizures and excessive force.

36. The City of St. Louis' policymaking officials, employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

37.     The acts or omissions of City of St. Louis and its policymaking officials, employees, agents, and representatives, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused his damages.

38.     The City of St. Louis and its policymaking officials, employees, agents, and representatives intentionally, knowingly, and purposely deprived Plaintiff of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

39.     The City of St. Louis had the authority and duty to train, supervise, discipline, and otherwise control the Defendants identified herein.

40.     The City of St. Louis had a duty to provide reasonable training to prevent its employees from wrongfully conducting illegal searches and seizures, as well as assaulting Plaintiff in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

41.     The City of St. Louis failed to train, inadequately trained, or negligently trained its employees in a manner that a reasonable city would have under the circumstances.

42.     The City of St. Louis and its policymaking officials, employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, including Plaintiff, which were the moving force behind and proximately caused the violations of Plaintiff's Constitutional rights as set forth herein.

43.     The City of St. Louis' deliberate indifference to Plaintiff's Constitutional rights includes, but is not limited to:

       (a)     failing to adequately train City police officers to conduct proper search and seizures;

       (b)     failing to adequately supervise City police officers to conduct proper search and seizures;

      (c)      failing to adequately train City police officers in the proper use of force; or

      (d)      failing to adequately supervise City police officers in the proper use of force.

44. The City of St. Louis and its policymaking officials, employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff. The inadequacy of training and/or supervision is so likely to result in violation of Constitutional and federal rights, such as those described herein, in light of the particular duties assigned to their employees including the Defendants identified herein, that the failure to provide proper training and supervision is deliberately indifferent to those rights.

45. The deliberately indifferent training and supervision provided by the City of St. Louis and its officials, employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to it and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

46. As a direct and proximate result of the City of St. Louis' interference with Plaintiff's federal Constitutional and statutory rights, Plaintiff has suffered the aforementioned damages and losses, which are expected to be ongoing.

47. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff prays for judgment against the City of St. Louis in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, and for any further relief this Court deems just and proper.

**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN, LLC**

By  */s/James D. O'Leary*
James D. O'Leary    #45964
1034 S. Brentwood Blvd.
Penthouse-1A, 23rd Floor
St. Louis, MO 63117
314/405-9000 telephone
314/405-9999 facsimile
oleary@osclaw.com
*Attorneys for Plaintiff*

**MANDEL, MANDEL, MARSH, SUDEKUM, & SANGER**

By:  */s/     Bryan J. Sanger*
BRYAN J. SANGER, #60210MO
1010 Market Street, Suite 850
St. Louis, MO 63101
(314) 621-1701 (Telephone)
(314) 621-4800 (Facsimile)
bryan@mandelmandel.com
*Attorneys for Plaintiff*